## LOYAL ORDER OF MOOSE MINNEAPOLIS LODGE NO. 38 v. HARRY S. HORWITZ & CO. INC., AND ANOTHER.

148 N. W. (2d) 362.

January 20, 1967—No. 40,055.

*Joseph Robbie* and *Peter J. Lindberg,* for appellant.
*William Merlin,* for respondents.

PER CURIAM.

Plaintiff property owner seeks to recover damages resulting from the excavation for a water main by defendants pursuant to a contract which plaintiff claims was induced by fraud. Plaintiff appeals from a judgment setting aside a verdict in its favor for $930.

This litigation arises from the construction of a building on the southwest corner of Third Avenue N. E. and Seventh Street N. E. in the city of Minneapolis. Defendant Horwitz was the prime contractor. Defendant Wiley was a subcontractor hired to lay sewer and water pipes from the building to a city main. When Wiley began excavating from the east building line into Seventh Street, it found that the water main ran through Monroe Street farther to the east but did not extend through Seventh Street as shown by a survey on which all of the parties incorrectly relied. As a result of the mistake, plaintiff ultimately sued the surveyor and received a settlement of $500. In addition, it was obliged to enter a supplemental contract with defendants for the work necessary to reach a more remote waterline not contemplated in the original contract.

Plaintiff's claim of fraud is predicated on defendants' alleged misrepresentations that the soil between the water main on Monroe Street and the area in Seventh Street up to which defendants had already excavated consisted of rock which made excavating difficult and costly although the distance was only 40 feet. Because of this condition plaintiff asked for alternative bids for excavating 40 feet into Monroe Street or some 170 feet into Third

Avenue. Defendants' bid for the Monroe Street excavation was $1,650 and for the Third Avenue project, $1,430. Plaintiff now asserts that in order to avoid an even greater expense which it was falsely led to believe the Monroe Street terrain made necessary, it was fraudulently induced to accept the lower bid, which it claims was also grossly excessive.

Although the action was tried and submitted on both a negligence and fraud theory, the court granted defendants judgment notwithstanding the verdict because the court was of the opinion the "evidence to establish material and/or fraudulent misrepresentation on the part of the Defendants was insufficient to support the verdict, and, * * * the jury's verdict was contrary to the law as given the jury by the Court in the instructions to the jury." We agree with the court's conclusions.

In spite of an apparent admonition by the court, the jury obviously attempted to reimburse plaintiff for all the cost of the additional excavating, amounting to $1,430, from which they deducted only what plaintiff had previously received from the negligent surveyor. This was a perverse verdict on any theory. As to these defendants, plaintiff was not entitled to have the additional work done for nothing. If the action had been against the surveyor, a verdict for the full amount might have been justified. However, we do not find it necessary to decide the correct measure of damages or to pass on whether proof of damages was adequate since we are of the opinion the record does not support a finding of fraud.

Defendant Wiley described in some detail the rock and rubble which he had encountered in excavating the sewer into Seventh Street. Frank Dosse, an engineering aid in the water and sewer inspection office of the city of Minneapolis, and plaintiff's own witness, testified that the bedrock on Seventh Street started at approximately 15 feet below grade. This, he said, required laying the city's sewer through 5 feet of rock. The soil borings obtained by plaintiff after the completion of the work showed obstructions at varying depths from 10 to 16 feet below the surface in the area between Seventh Street and Monroe. Wiley's testimony that the water pipes had to be laid 16 to 20 feet in depth was uncontradicted. The conclusion is inescapable that the contract was not induced by any fraudulent misrepresentation with respect to the soil conditions between Seventh Street and Monroe. The trial court was therefore correct in holding the verdict to be unsupported by the evidence.

Affirmed.

Mr. Justice Sheran took no part in the consideration or decision of this case.

Mr. Justice Peterson, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.